**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GUILIO MESADIEU,<br><br>    *Plaintiff,*<br><br> v.<br><br>CITY OF ELIZABETH, et al.,<br><br>    *Defendants.* | Civil Action No. 18-842<br><br>**OPINION & ORDER** |

Presently before the Court is *pro se* Plaintiff Guilio Mesadieu's February 5 letter to the Court. In the letter, amongst other things, Plaintiff requests an extension of time to serve Defendants. D.E. 16. Accordingly, the Court treats Plaintiff's letter as a motion for an extension of time to effect service. For the reasons stated below, Plaintiff's motion is **GRANTED**.

**I.  BACKGROUND**

On January 22, 2018, Plaintiff filed a Complaint that asserted federal civil rights claims against numerous Defendants. Plaintiff sought to proceed in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. This Court granted Plaintiff's application to proceed *in forma pauperis* on March 23, 2018, D.E. 3, and screened the Complaint, as required by Section 1915, on October 4, 2019, D.E. 5, 6. In screening the Complaint, this Court permitted a single Section 1983 unlawful search claim to proceed against Defendant Jose Martinez. *Id.* The Court explained that Plaintiff must complete a United States Marshal 295 Form (the "USM-285 Form") in order to service Martinez as required by the Federal Rules of Civil Procedure. D.E. 6.

On October 28, 2019, Plaintiff filed a motion to stay the matter because of a parallel proceeding. D.E. 7. Judge Clark terminated Plaintiff's motion without prejudice on February 7, 2020, and explained that Plaintiff could re-file his motion if he provide additional details about the

parallel litigation.  D.E. 8.  On March 6, 2020, Plaintiff re-filed his motion to stay.  D.E. 9.  This Court denied Plaintiff's motion on March 13, 2020.  D.E. 11.  In the February 5 Letter, Plaintiff appears to state that he was not aware that the motion to stay was denied.  D.E. 16.  Plaintiff also states that the pandemic has complicated and delayed this matter.  *Id.*

## II.    LAW AND ANALYSIS

A plaintiff must serve a summons and complaint on each defendant within 90 days of filing the complaint.  Fed. R. Civ. P. 4(m).  If a defendant is not served within this time frame, a court, "on motion or on its own . . . must dismiss the action without prejudice against that defendant . . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*

To determine whether good cause existed, a court may consider factors such as (1) the reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant from the lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve.  *Thalasinos v. Volvo Cars of N. Am. LLC*, No. 14-7954, 2016 WL 3436407, at *2 (D.N.J. June 16, 2016).  In addition, the Third Circuit equates "good cause" under Rule 4(m) "with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2)."  *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).  Excusable neglect requires "a demonstration of good faith on the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  *Thalasinos*, 2016 WL 3436407, at *2 (quoting *MCI Telecomms. Corp.*, 71 F.3d at 1097)).

Here, Plaintiff did not serve Defendant Martinez within the time required by the Federal Rules of Civil Procedure.  But given Plaintiff's *pro se* status, this failure appears to have been in good faith.  Plaintiff seems to contend that he was unaware that this Court denied his motion to

stay, and explains that the pandemic has complicated and delayed this matter. D.E. 16. Moreover, in this instance, Defendant will not be prejudiced by Plaintiff's lack of timely service.

As a result, for the reasons stated above and for good cause shown,

IT IS on this 17th day of February, 2021,

**ORDERED** that Plaintiff is **GRANTED** a forty-five (45) day extension from receipt of this Opinion and Order upon which to properly effect service upon Defendant Martinez in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing the United States Marshal ("Marshal") 285 Form ("USM-285 Form"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint, and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt.

John Michael Vazquez, U.S.D.J.