UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GUILIO MESADIEU,**<br><br>        **Plaintiff,**<br>  v.<br><br>**JOSE MARTINEZ,**<br>*Elizabeth Police Officer*,<br><br>        **Defendant.** | **Civil Action No.**<br>**18-842 (JXN)**<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

      **THIS MATTER** comes before the Court on a motion by *pro se* Plaintiff Guilio Mesadieu ("Plaintiff") pursuant to Federal Rules of Civil Procedure 37 and 28[1] seeking an order compelling discovery and disclosing the identity of a confidential informant. [Dkt No. 41]. Defendant Jose Martinez ("Defendant") opposes the motion [Dkt. No. 42]. For the reasons set forth below, Plaintiff's motion [Dkt. No. 41] is **DENIED**.

**I.    BACKGROUND**

      On January 22, 2018, Plaintiff filed a Complaint asserting federal civil rights claims against numerous Defendants relating to a vehicle stop and subsequent search of Plaintiff's person and his vehicle on or about February 9, 2016. [Dkt. No. 1.] Plaintiff sought to proceed in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Id.* This Court granted Plaintiff's application to proceed *in forma pauperis* on March 23, 2018 [Dkt. No. 3], and screened the Complaint, as required by Section 1915, on October 4, 2019. [Dkt. Nos. 5 and 6]. In screening the Complaint,

---

[1] Plaintiff appears to incorrectly cite to Fed. R. Civ. P. 28, governing persons before whom depositions may be taken, when the proper authority for the instant motion is Fed. R. Civ. P. 26, which governs the scope of discovery in federal litigation.

1

this Court permitted a single Section 1983 unlawful search claim to proceed against Defendant Jose Martinez. *Id.* On October 28, 2019, Plaintiff filed a motion to stay the matter because of a parallel proceeding. [Dkt. No. 7]. The Court terminated Plaintiff's motion without prejudice on February 7, 2020, stating that Plaintiff could re-file his motion if he provided additional details about the parallel litigation. [Dkt. No. 8]. On March 6, 2020, Plaintiff re-filed his motion to stay. [Dkt. No. 9]. The Court denied Plaintiff's motion on March 13, 2020. [Dkt. No. 11].

On February 18, 2021, after nearly a year of inaction and following the Court's issuance of a Notice of Call for dismissal, the Court in an Opinion and Order granted Plaintiff a forty-five-day extension to properly effect service upon Defendant Martinez. [Dkt. No. 17]. Such service was executed, and on June 21, 2021, Defendant Martinez filed his Answer to the Complaint. [Dkt. No. 22]. On August 27, 2021, the Court entered a Pretrial Scheduling Order in this matter, setting the discovery deadline for March 1, 2022 [Dkt. No. 26 at ¶ 2], and stating that "[n]o motion to compel discovery or to resolve a discovery dispute shall be entertained unless a letter outlining the dispute is submitted before the date for completion of discovery." *Id.* at ¶ 11. After numerous extensions, the Court set the final discovery deadline for August 31, 2022. [Dkt. No. 34]. In a Letter Order dated August 31, 2022, the Court directed Defendant to file his answers to Plaintiff's written discovery requests on the docket within ten days of the date of the Order. [Dkt. No. 39].[2] Defendant timely complied with this Order, filing his answers to Plaintiff's written discovery requests on September 6, 2022. [Dkt. No. 40].

On September 15, 2022, Plaintiff filed the instant motion without leave of the Court, seeking to compel discovery and for the disclosure of a confidential informant. [Dkt. No. 41].

---

[2] In the same Order, the Court granted the parties leave to file motions for summary judgment. [Dkt. No. 39]. Defendant timely filed his motion for summary judgment in October of 2022 [Dkt. No. 45], which the Court granted as to Plaintiff's Fourth Amendment unlawful search of his person claim but denied as to Plaintiff's unlawful search of his vehicle claim. [Dkt. Nos. 52 and 53].

Plaintiff asserts that Defendant "refused to provide adequate answers to the Interrogatories and or answered evasively as to Interrogatory questions [Nos. 9, 11, 12, 13, 15, 16, 17, 18, 20, 21, 22, 23, 24, and 25]." Dkt. No. 41-2 at ¶ 6. Plaintiff further claims the confidential informant's identity must be disclosed so that Plaintiff can "properly challenge [the informant's] information that the detective and ultimately the court relied on to find probable cause to issue the search warrant, in which is the Defendant Jose Martinez's defense to the Plaintiff's civil claim." Dkt. No. 41-3 at 4.

In his opposition, Defendant argues Plaintiff's motion should be denied for the following reasons: (1) Plaintiff did not properly seek leave of the Court prior to filing the motion in contravention of Local Civil Rule 37.1; (2) Plaintiff did not identify how Defendant's discovery responses were deficient beyond his seeking the identity of the confidential informant; and (3) Plaintiff has not demonstrated how the informant's identity is essential to a fair determination of the sole remaining issue in the case, i.e., whether Defendant conducted an unlawful search in violation of the Fourth Amendment. Dkt. No. 42.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele–Radio Sys. Ltd. v. De Forest*

3

*Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981). While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to show "that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (citation omitted). Upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (citations omitted).

> Pursuant to Rule (26)(b)(2)(C), courts are required to limit discovery where:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Similarly, pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Cost Containment Express, LLC v. Horizon Healthcare Servs., Inc.*, No. CV 15-8958 (CCC), 2017 WL 5951619, at *2 (D.N.J. Nov. 30, 2017) (citation omitted).

4

## III.     DISCUSSION

As an initial matter, the Court notes that Plaintiff filed the instant motion to compel without leave of the Court and without previously submitting "a letter outlining the dispute . . . before the date for completion of discovery" in contravention of L. Civ. R. 37.1 and the Court's Scheduling Order [Dkt. No. 26]. The Court further notes that Local Civil Rule 37.1(b) provides:

> (1) Discovery motions must be accompanied by an affidavit . . . certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement. The affidavit . . . shall set forth the date and method of communication used in attempting to reach agreement.

L. Civ. R. 37.1(b)(1). Here, Plaintiff did not submit a letter outlining the dispute prior to the close of discovery on August 31, 2022, nor did he attach an affidavit certifying that he conferred with Defendant "in a good faith effort to resolve by agreement the issues raised by the motion." *Id.* Indeed, Plaintiff provides no evidence that he communicated with Defendant at all prior to filing the instant motion. Therefore, the Court finds that Plaintiff failed to comply with the Court's Scheduling Order and L. Civ. R. 37.1(b)(1). While failure to comply with the Court's Scheduling Order and L. Civ. R. 37.1(b)(1) is a sufficient procedural basis upon which to deny Plaintiff's motion, and while the Court does deny Plaintiff's motion for this reason, the Court also denies Plaintiff's motion for the substantive reasons set forth below.

Regarding Plaintiff's argument that Defendant provided evasive and/or vague answers to Interrogatories, the Court has reviewed Defendant's answers to Interrogatory questions Nos. 9, 11, 12, 13, 15, 16, 17, 18, 20, 21, 22, 23, 24, and 25, and disagrees with Plaintiff that they are vague and/or evasive. The Court instead agrees with Defendant that he "provided a response to each interrogatory and document demand." [Dkt. No. 42 at 2]. The Court further notes that Defendant

5

included citations to specific documents that were produced to Plaintiff as corroboration for his responses. *See* Dkt. No. 40. The Court is thus satisfied that Defendant sufficiently answered Plaintiff's Interrogatories. Accordingly, Plaintiff's request as to Interrogatory questions Nos. 9, 11, 12, 13, 15, 16, 17, 18, 20, 21, 22, 23, 24, and 25 is **DENIED**.

The Court now turns to Plaintiff's request for the disclosure of the identity of the confidential informant ("CI"). Plaintiff contends that the identity and testimony of the CI is crucial to his civil case. Plaintiff requests the release of such information as "[t]he alleged CI in this case made claims of establishing the area of the target and identity of the person of interest" and the detective in the search warrant affidavit allegedly "relies on information from an alleged CI whose information was unsubstantiated and lack detail." Dkt. No. 41-3 at 3. Plaintiff further asserts "the police did nothing to test the veracity or reliability of the alleged CI's information." *Id.* Plaintiff argues the CI's identity must be disclosed in order for Plaintiff "to properly challenge this alleged CI's information that the detective and ultimately the court relied on to find probable cause to issue the search warrant, in which is the Defendant Jose Martinez's defense to the Plaintiff's civil claim." *Id.* at 4. Plaintiff claims that "[s]uch information is not only relevant, but Plaintiff will be able to exercise his [Sixth] Amendment right to the U.S. [C]onsititution to confront his accuser." *Id.*

Defendant counters by arguing that "[t]he only remaining issue in this case is whether Defendant Martinez unlawfully searched Plaintiff's person in violation of the Fourth Amendment" and that "Plaintiff has not demonstrated how the informant's identity is essential to a fair determination of this claim." Dkt. No. 42 at 2. Defendant further states:

> As acknowledged by Plaintiff in his motion, Defendant Martinez obtained a search warrant signed by a judge prior to the subject search. As such, Defendant's objection to providing the informant's identity was proper pursuant to the informer's privilege. *See Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957) ("What is usually referred to as the informer's privilege is in reality

> the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."); *Mitchell v. Roma*, 265 F.2d 633 (3d Cir. 1959) ("The privilege for communications by informers to the government is well established and its soundness cannot be questioned."). The privilege is intended to further and protect "the public interest in effective law enforcement." *Roviaro*, 353 U.S. at 59.

Dkt. No. 42 at 2.

Pursuant to New Jersey Rule of Evidence 516, the State may refuse to disclose the identity of a CI, unless "disclosure of his identity is essential to assure a fair determination of the issues." The United States Supreme Court has also recognized the Government's privilege to withhold the identity of informants and held that the privilege could be overcome only upon a showing that the "informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60-61. The Third Circuit in *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981), established a balancing test between the public interest in protecting the flow of information and the particular circumstances of the case "once a defendant sets forth a specific need for disclosure [of the CI's identity]," and held that:

> When applying this test, one of three types of cases may emerge. . . . First, the court may be presented with an extreme situation, such as that in *Roviaro* itself, in which the informant played an active and crucial role in the events underlying the defendant's potential criminal liability. In these cases, disclosure and production of the informant will in all likelihood be required to ensure a fair trial. . . . At the other end of the spectrum, are the cases in which the informant was not an active participant or eyewitness, but rather a mere tipster. In such cases, courts have generally held that the informant's identity need not be disclosed. A third group of cases falls between these two extremes and it is in this group that the balancing becomes most difficult.

*Id.* at 196-97 (citations omitted).

As demonstrated by the repeated references to "the defendant" and "the accused" in *Roviaro* and *Jiles*, the majority of cases assessing whether to disclose the identity of a CI arise in the criminal context, and indeed, all of the cases upon which Plaintiff relies for the proposition that the identity of the CI should be disclosed involve criminal prosecutions. However, this Court held in *Williams v. City of Trenton*, an analogous civil rights action, that there is a higher burden for disclosure in civil proceedings in contrast to criminal prosecutions. *Williams v. City of Trenton*, Civ. No. 11-6352 (MAS), 2012 WL 4858202, at *2 (D.N.J. Oct. 11, 2012). In *Williams*, this Court noted that, in contrast to *Roviaro*, there is no "defense of an accused" consideration in a civil rights action, and "[i]ndeed, the Supreme Court of New Jersey has held that in civil proceedings, the privilege requires an even higher standard for disclosure." *Williams*, 2012 WL 4858202, at *2 (citing *McClain v. Coll. Hosp.*, 99 N.J. 346 (1985)).

Like in *Williams*, Plaintiff here fails to meet the high burden required for disclosure, as "[t]he nature of this case as a civil proceeding simply does not command the same importance as a criminal matter with respect to the disclosure of CIs." *Williams*, 2012 WL 4858202, at *3. Further, Plaintiff has not satisfied the test set forth in *Jiles*, as Plaintiff has not demonstrated that the CI "played an active and crucial role in the events" underlying the detective's procurement of a search warrant. Here, the CI appears to have been "a mere tipster and was not involved in the [stop of Plaintiff's vehicle], nor was he or she an eyewitness." *Williams*, 2012 WL 4858202, at *3. While it is unclear how the CI knew Plaintiff and to what extent the CI is still actively being used by police, the Court finds that the protections afforded CIs relating to their safety as well as the potential chilling effect on the future use of this CI outweigh Plaintiff's right to the disclosure of the CI's identity. Finally, the Court finds Plaintiff's invocation of his Sixth Amendment right to confront his accuser inapposite, as that right only applies in criminal prosecutions, not in the instant

civil rights context. Therefore, Plaintiff's request for the disclosure of the CI's identity is **DENIED**.

### IV. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 24th day of April, 2023,

**ORDERED** that Plaintiff's motion to compel [Dkt. No. 41] is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by regular U.S. mail.

  s/ James B. Clark, III  
**JAMES B. CLARK, III**  
**United States Magistrate Judge**